FILED

SEP 22 2023

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BASIM NEAMAH ALBARRAKEE<br>311 Cedar View Way<br>Knoxville, TN 37919<br><br>       Plaintiff<br><br>       v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br><br>UR M. JADDOU, in her official capacity, Acting Director, U.S. Citizenship and Immigration Services;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>       Defendant(s). | Civil Action No 3:23cv345<br>Atchley/Poplin |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

1

## INTRODUCTION

COMES NOW BASIM NEAMAH ALBARRAKEE (hereinafter "Plaintiff ALBARRAKEE" or "Plaintiff") by and through the undersigned attorney, in the above cause, and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff ALBARRAKEE's Form N-400, Application for Naturalization, ("Application") within a reasonable period of time. The Application has been in pending status for a total period of over two years (over 24 months or 734 days). The Plaintiff has a clear right to adjudication of his Application in a timely manner.

2. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

4. USCIS has published a historical processing time of 11.5 months for cases filed in 2021. Plaintiff ALBARRAKEE's Form N-400 has been pending for a total of over 24 months, which is over two times the historical average processing times as reported by USCIS.[1]

5. Further, the delay in making a decision on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571(b).

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as most, if not all, USCIS Field Offices are fully operational at this time and conducting in person interactions; as such, COVID-19 related issues do not prohibit an officer from being able to adjudicate Plaintiff's Application.

## PARTIES

7. Plaintiff BASIM NEAMAH ALBARRAKEE is a resident of Knox County, Tennessee, and a Permanent Resident of the U.S. He is the Applicant in a properly filed Form N-400, Application for Naturalization [Receipt# IOE0913936393] with United States Citizenship and Immigration Services (hereinafter "USCIS").

8. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

10. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiff resides, and no real property is involved in this action.

## EXHAUSTION OF REMEDIES

13. The Plaintiff has repeatedly requested the Defendants to make a final decision on his Application. Further, Plaintiff has initiated numerous inquiries directly with USCIS, to no avail.

14. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for approval of his Application.

15. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

16. On September 17, 2021, Plaintiff properly filed Form N-400, Application for Naturalization with the United States Citizenship and Immigration Service ("USCIS").

17. On November 16, 2021, Plaintiff appeared at a designated USCIS Application Support Center where he completed his required biometrics appointment. **[EXHIBIT A].**

18. Since November 16, 2021, Plaintiff has made numerous inquiries with USCIS directly, all to no avail.

19. Plaintiff's inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's Application is still pending review, with no indication as to when his Application will be adjudicated by USCIS.

20. Plaintiff's Application now continues to be pending with USCIS for over two years (over 24 months or 734 days).

21. USCIS has published a historical average processing time of 11.5 months for cases filed in 2021. Plaintiff ALBARRAKEE's Form N-400 has been pending for a total of over 24 months, which is over two times the historical average processing time as reported by USCIS.[2]

22. Defendants have refused to provide further explanation which would merit the need for withholding adjudication on Plaintiff's case for over two years (over 24 months or 734 days).

23. Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that his Application has been pending. Despite showing that he merits approval of his Application, Plaintiff has, without any legitimate and lawful reason, been deprived of the rights and benefits that are afforded to citizens of the United States upon naturalization.

## COUNT I

### VIOLATION OF THE APA- FORM N-400

24. All prior paragraphs are re-alleged as if fully stated herein.

25. Plaintiff has a statutory right to apply for and receive an adjudication of his Application pursuant to 8 U.S.C. § 1446.

---

[2] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

26. Defendants have a duty to adjudicate Plaintiff's Application within a reasonable period of time under 5 U.S.C. §555(b).

27. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

28. Defendants have conducted a significant investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

29. Given the Defendants' lack of a reason for not making a decision on Plaintiff's Application within Congress's prescribed 180 days for immigration benefits, Plaintiff's Application has necessarily been pending for an unreasonably long period of time.

30. A period of 734 days have elapsed since the Plaintiff filed his Application.

31. Defendants have failed in their statutory duty to adjudicate the Application within a reasonable time.

32. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

33. Defendants' delay in this case, is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff's Application, thereby depriving Plaintiff of the rights to which he is entitled.

34. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff has been denied his right to become a citizen of the United States and enjoy the benefits thereof.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: September 20, 2023

Respectfully submitted,

/s/ *[signature]*

**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3501 W. Algonquin Road, Suite 200**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*